IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SAMIR TAHA, )
 )
       Plaintiff, ) Case No. 05-1285-KI
 )
vs. ) OPINION AND ORDER
 )
IKON FINANCIAL SERVICES, and LEE )
HESS, )
 )
       Defendants. )

    Samir Taha
    3625 S. W. 108th
    Beaverton, Oregon 97005

        Pro Se Plaintiff

    Thomas A. Gerber
    Kristin L. Olson
    Bullivant Houser Bailey P.C.
    300 Pioneer Tower
    888 S. W. Fifth Avenue
    Portland, Oregon 97204-2089

        Attorneys for Defendants

KING, Judge:

Plaintiff Samir Taha alleges defendant IKON Financial Services (hereinafter, "IKON") is liable to him under several causes of action arising out of a defaulted lease and the associated litigation in Multnomah County Circuit Court. IKON[1] filed a Motion to Dismiss Plaintiff's Complaint (#8). Taha subsequently amended his complaint. At IKON's request, rather than require IKON to renew its motion to dismiss, I agreed to rule on the motion to dismiss as it applies to the First Amended Complaint. For the reasons stated below, I dismiss Taha's First Amended Complaint with prejudice.

**FACTS**

Taha alleges that he signed an agreement with IKON's predecessor in interest, IOS Capital, to assume an existing lease for a copy machine for the small business he had recently purchased. The copy machine was defective and the company refused to replace it. As a result, plaintiff was forced to close his business. The company filed a lawsuit against plaintiff in Multnomah County Circuit Court, alleging that Taha was in breach of the agreement. Taha was unsuccessful in the litigation. The company was represented by Lee Hess.

Taha originally brought suit against both IKON and Lee Hess. Taha subsequently voluntarily dismissed the complaint against Lee Hess. Taha's First Amended Complaint does not name Lee Hess as a defendant.

---

[1]According to defendant, the proper name for defendant is GE Capital Information Technology Solutions, Inc. dba IKON Financial Services.

**LEGAL STANDARDS**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

A motion to dismiss under Rule 12(b)(6) will only be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. l986), cert. denied, 479 U.S. 1054 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Cassettari v. Nevada County, Cal., 824 F.2d 735, 737 (9th Cir. 1987).

**DISCUSSION**

Taha brings five claims for relief in his First Amended Complaint. First, Taha seeks declaratory relief under 28 U.S.C. § 2201(a) that his rights under the Fifth, Seventh and Fourteenth Amendment have been violated, that the agreement between Taha and IKON is illegal and void, and that IKON denied him equal treatment under the law. Second, Taha alleges IKON made false representations to induce him to enter the lease agreement and refused to replace the copy machine in violation of 42 U.S.C. § 1981(a) and (b). Third, Taha asserts IKON brought a false lawsuit against him in order to illegally profit from him in violation of the Fifth, Seventh and Fourteenth Amendments and in violation of 42 U.S.C. § 1981(a), (b) and (c). Fourth, Taha

Page 3 - OPINION AND ORDER

alleges IKON, by way of a conspiracy with Lee Hess, deprived him of his due process rights and concealed evidence from him in the underlying litigation. He requests damages for discrimination, civil rights violations, and conspiracy under 42 U.S.C. § 1985(3). Fifth, Taha requests damages for intentional infliction of emotional distress.

IKON moves to dismiss on several separate grounds, including lack of service of process, lack of subject matter jurisdiction, and claim preclusion. Taha responds only to IKON's argument regarding service of process.

Since Taha has dismissed Lee Hess, an Oregon citizen like plaintiff, Taha has properly established jurisdiction on the basis of diversity under 28 U.S.C. § 1332. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004) (jurisdictional defect as to diversity of citizenship can be cured by dismissing the party that destroyed diversity). Therefore, I need not address IKON's arguments with respect to lack of subject matter jurisdiction.

With regard to IKON's argument that Taha failed to properly effectuate service of process on it, it is difficult to ascertain the actions Taha took. IKON asserts that Taha simply mailed copies of the summons and complaint to IKON's Georgia office, but did not serve IKON's Oregon registered agent or mail copies of the summons and complaint to IKON's principal place of business, thereby failing to comply with Federal Rule of Civil Procedure 4(h). Taha contends in response that IKON withheld information about its registered agent, that he was told to serve IKON in Georgia, that the registered agent refused to accept service, that IKON has appeared through its counsel, and finally that IKON has been properly served. I need not wade through these and other arguments because I dismiss the First Amended Complaint for other reasons.

Taha references 42 U.S.C. § 1981(a), (b) and (c)[2] in his first, second, and third claims for relief, and 42 U.S.C. § 1985(3)[3] in his first and fourth claims for relief. In order to make out a claim under Section 1981, Taha must plead facts showing: (1) he is a member of a racial minority; (2) IKON intentionally discriminated against Taha on the basis of his race; and (3) the discrimination concerned the making or enforcement of a contract, including all phases and incidents of the contractual relationship. Allen v. U.S. Bancorp, 264 F. Supp.2d 945, 948 (D. Or. 2003).

Taha does not allege intentional race discrimination in his first, second or third claims for relief. Instead, he contends IKON forced him to enter into the lease agreement, caused the closure of his business, brought a malicious lawsuit against him, and denied him the right to defend the lawsuit. Even reading the allegations in the First Amended Complaint liberally, Taha asserts people generally have discriminated against him due to his race, First Amended

---

[2] "All persons within the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). "For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c).

[3] "If two or more persons in any State or Territory conspire . . . , for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3).

Page 5 - OPINION AND ORDER

Complaint ¶ ¶ 7, 51, but alleges only that IKON desired to "illegally profit" from him by "depriv[ing] him of capital funds, business opportunities and expansion" without reference to racial discrimination. First Amended Complaint ¶ 3; see also ¶¶ 55, 57, 58. Nowhere does Taha allege that IKON was motivated by Taha's race in taking these actions. As a result, Taha's First Amended Complaint does not sufficiently set forth facts that raise a reasonable inference of intent to discriminate against him on the basis of his race.

To state a cause of action under Section 1985, a plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. United Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 828-29 (1983). The second of these four elements requires that the plaintiff allege the defendant was motived by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

Taha seeks damages from an alleged conspiracy between IKON and its counsel Lee Hess, to "illegally profit" from him in violation of 42 U.S.C. § 1985(3) by hiding evidence and engaging in "lynch law process." First Amended Complaint ¶ 63. He alleges that IKON and Hess sought to deprive him of his right to due process and equal protection of the law. However, nowhere does Taha allege IKON, the purported conspirator, was motivated by or knew about Taha's race. Accordingly, Taha's First Amended Complaint does not allege facts that would entitle him to relief under 42 U.S.C. § 1985(3).

Finally, in his fifth claim for relief, Taha claims intentional infliction of emotional distress. The tort of intentional infliction of emotional distress contains the following elements:

> (1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.

McGanty v. Staudenraus, 321 Or. 532, 543, 901 P.2d 841 (1995). Intent is defined to mean "where the actor desires to inflict severe emotional distress, and also where he knows that such distress is certain, or substantially certain, to result from his conduct." Id. at 550 (emphasis omitted). The nature of the relationship between the parties affects the type of conduct that is considered actionable. Id. at 548.

"Conduct that is merely rude, boorish, tyrannical, churlish and mean [is insufficient to be actionable, and] . . . insults, harsh or intimidating words, or rude behavior ordinarily [do not] result in liability even when intended to cause distress." Watte v. Edgar Maeyens, Jr., 112 Or. App. 234, 239, 828 P.2d 479, 481 (1992) (quoting Hall v. The May Dept. Stores, 292 Or. 131, 135, 637 P.2d 126, 129 (1984)). In addition, Oregon cases which have allowed claims for intentional infliction of emotional distress to proceed typically involve acts of psychological and physical intimidation, racism, or sexual harassment. See Babick v. Oregon Arena Corp., 333 Or. 401, 413, 40 P.3d 1059 (2002) (defendant's release of intoxicated and violent concertgoers who had been detained by plaintiffs presented a threat of imminent physical harm that was presumed grave); Kraemer v. Harding, 159 Or. App. 90, 976 P.2d 1160 (1999) (continued accusations that a school bus driver was a child sex abuser after multiple investigations concluded that no inappropriate conduct occurred); Wheeler v. Marathon Printing, Inc., 157 Or. App. 290, 974 P.2d

207 (1998) (co-worker continued harassment including sexual remarks even after plaintiff attempted suicide); Lathrope-Olson v. Dept. of Transportation, 128 Or. App. 405, 408, 876 P.2d 345 (1994) (calling a Native American woman a squaw, telling her that a squaw was supposed to walk behind her man, stating that all women were good for was between their legs, locking her out of the work van in the rain and snow, and threatening to push her into the path of oncoming vehicles); Mains v. II Morrow, Inc., 128 Or. App. 625, 877 P.2d 88 (1994) (daily physical assaults and sexual comments by supervisor); Franklin v. Portland Community College, 100 Or. App. 465, 787 P.2d 489 (1990) (supervisor called an African-American male by the name "boy," issued false reprimands, shoved him, locked him in an office, and suggested that he apply elsewhere for employment).

Taha's allegation that IKON wasted his time and resources in litigation, thereby inflicting emotional distress on him, does not rise to the level of an extraordinary transgression of the bounds of socially tolerable conduct as a matter of law. Accordingly, Taha can prove no set of facts from which he would be entitled to relief for intentional infliction of emotional distress.

Taha references the Fifth, Seventh, Eighth and Fourteenth Amendments in his fourth and fifth claims for relief. IKON is not a government actor, does not act in close nexus with the government, nor does it act under color of state law. See Rank v. Nimmo, 677 F.2d 692, 701 (9th Cir. 1982) (Fifth Amendment); Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 348 (1979) (Seventh Amendment); Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 266 (1989) (Eighth Amendment); Lee v. Katz, 276 F.3d 550, 554 (9th Cir. 2002) (Fourteenth Amendment). Therefore, Taha can prove no set of facts entitling him to relief under these constitutional amendments.

In addition, IKON properly points out that the state court judgment has preclusive effect on some of these claims. "Federal courts must give state court judgments the same preclusive effect as they would be given by the courts of that state." Dodd v. Hood River County, 136 F.3d 1219, 1225 (9th Cir. 1998). Oregon law governs, and provides that if the second action is based on the same factual transaction at issue in the first cause of action, and if the party seeks an additional remedy and the claim could have been joined in the first action, the party is precluded from prosecuting the second action. Drews v. EBI Companies, 310 Or. 134, 140, 795 P.2d 531 (1990) (quotation omitted). In addition, claim preclusion bars all grounds for recovery that could have been asserted, whether they were or not. Id.

Here, Taha defended an action in state court, and filed a third-party complaint, alleging breach of contract, breach of express warranty and fraud. The state court awarded final judgment in favor of IKON on the basis of IKON's motion to dismiss. Taha could have brought claims in that action alleging IKON intentionally discriminated against him, as he alleges in his first and second claims. Instead of doing so, Taha now seeks an additional or alternative remedy, under Sections 1981 and 1985, in this court arising out of the same set of facts.

Finally, to the extent Taha requests this Court to review a state court judgment, this Court lacks subject matter jurisdiction to do so. 28 U.S.C. § 1257 vests such authority solely in the United States Supreme Court. See Verizon Maryland, Inc. v. Public Service Commission of Maryland, 535 U.S. 635, 644 n.3 (2002).

Accordingly, I find that Taha's First Amended Complaint must be dismissed. Normally I must permit a *pro se* litigant the opportunity to amend the complaint. However, I need not do so if it would be impossible to cure the deficiencies of the complaint by amendment. Noll v.

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Here, Taha would be unable to remedy the deficiencies in his pleading against IKON.

## CONCLUSION

Defendant's Motion to Dismiss (#8) is granted. The First Amended Complaint is dismissed with prejudice. In addition, Taha's Motions to Strike and for Default Judgment (# 22) is denied as moot.

IT IS SO ORDERED.

Dated this    23rd    day of January, 2006.

                                                  /s/ Garr M. King
                                                  Garr M. King
                                                  United States District Judge