IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| SAMIR TAHA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-1285-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| IKON FINANCIAL SERVICES, and LEE HESS, | ) ) | |
| | ) | |
| Defendants. | ) | |

Samir Taha
3625 S. W. 108th Avenue
Beaverton, Oregon  97005

    Pro Se Plaintiff

Thomas A. Gerber
Bullivant Houser Bailey P.C.
300 Pioneer Tower
888 S. W. Fifth Avenue
Portland, Oregon  97204-2089

Page 1 - OPINION AND ORDER

Nikola Lyn Jones
Lindsay, Hart, Neil & Weigler, LLP
1300 S. W. Fifth Avenue, Suite 3400
Portland, Oregon  97201-5640

    Attorney for Defendants

KING, Judge:

This case arises out of a defaulted lease and the associated litigation in Multnomah County Circuit Court.  On January 23, 2006, the court entered a judgment dismissing plaintiff Samir Taha's complaint with prejudice.  Detailed factual and procedural history of this case has been set forth in the related Opinion and Order and will not be repeated here.  Before the court is defendant's Motion for Attorney Fees (#27).

## DISCUSSION

Defendant seeks a total of $56,720.23 in attorney fees and expenses.  Of this amount, $56,157.00 is for attorney and paralegal hours, and $563.23 is for expenses related to computer legal research.

42 U.S.C. § 1988 provides in pertinent part, "In any action or proceeding to enforce a provision of sections 1981 . . . [and] 1985 . . ., the court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee as part of the costs . . . ."  42 U.S.C. § 1988(b).  However, a court does not award attorney fees to a prevailing defendant as a matter of course.  A prevailing defendant must show "plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith."  Christiansburg Garment Co. v Equal Empl. Opp. Comm'n., 434 U.S. 412, 421 (1978).  Attorney fees in civil rights cases "should only be awarded to a defendant in exceptional circumstances."  Saman v. Robbins, 173

F.3d 1150, 1157 (9th Cir. 1999) (quotation omitted). I should "consider the financial resources of the plaintiff in awarding fees to a prevailing defendant" because "the award should not subject the plaintiff to financial ruin." Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 621 (9th Cir. 1987).

After considering defendant's motion at length, I decline to exercise my discretion in this instance, and I deny defendant's request for attorney fees. While I found Taha could prove no set of facts in support of his claims and dismissed the complaint with prejudice, I note that Taha lacks the "ability to recognize the merits of his . . . claims." Miller, 827 F.2d at 620. Although Taha's third-party complaint against the company was dismissed in state court, it is not clear from the record that the complaint was dismissed for raising frivolous issues. In addition, the third-party complaint raised claims, such as breach of contract and breach of express warranty, that may have appeared to Taha to be substantially different from the claims he brought against the company in this case.

I also consider plaintiff's financial resources. Plaintiff has not provided any evidence as to his financial situation, but based on the evidence in the record, and the facts of this case, an award of more than $56,000 would seriously punish plaintiff. I note, for example, that the company already has a judgment against Taha for attorney fees in the state court action in the amount of $16,989.67. Gerber Dec., Ex. J at 52 of 57. This factor alone does not justify a finding of no fees, but I have considered it in conjunction with the other reasons set forth above.

///

///

Page 3 - OPINION AND ORDER

## CONCLUSION

Defendant's Motion for Attorney Fees (#27) is denied.

IT IS SO ORDERED.

Dated this   2nd   day of March, 2006.

                                      /s/ Garr M. King
                                      Garr M. King
                                        United States District Judge